IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
09 JUN 19 PM 4:45
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Lisa A. Shepherd, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | ) 1:09-cv-0776 DFH-JMS |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Lisa A. Shepherd, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Lisa A. Shepherd ("Shepherd"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to Fourscore Resource Capital/Reliance Acceptance for a used truck.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Shepherd.

## FACTUAL ALLEGATIONS

5. In July 1994, Ms. Shepherd purchased a used pick-up truck from Indiana Car & Truck and financed the purchase through Fourscore Resource Capital, LLC/Reliance Acceptance. Due to financial difficulties, Ms. Shepherd fell behind on paying for the loan on her pick-up truck, and during 1996 it was repossessed.

6. At some point in time, Defendant PRA began attempting to collect the debt Ms. Shepherd had owed to Fourscore Resource Capital, LLC/Reliance Acceptance. Despite the debt having been delinquent for more than 12 years, and thus, time-barred by the six-year statute of limitations provided for by Indiana Code § 34-11-2-9, Defendant PRA sent Ms. Shepherd a collection letter, dated April 1, 2009, which demanded payment of this debt and stated:

> "As required by Law you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation."

A copy of this letter is attached as Exhibit A.

7. All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

8. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statements

9. Plaintiff adopts and realleges ¶¶ 1-8.

10. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, and the threat to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(5).

11. Defendant's violations of § 1692e of the FDCPA, include, but are not limited to:

    A. threatening to make a negative credit report to the credit reporting agencies on a time-barred debt; and,

    B. demanding payment of a time-barred debt.

12. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

13. Plaintiff adopts and realleges ¶¶ 1-8.

14. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

15. Defendant's violations of § 1692f of the FDCPA, include, but are not limited to:

    A.    threatening to make a negative credit report to the credit reporting agencies on a time-barred debt; and,

    B.    demanding payment of a time-barred debt.

16. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lisa A. Shepherd, prays that this Court:

1. Declare that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Shepherd and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lisa A. Shepherd, demands trial by jury.

Lisa A. Shepherd,

By: _____
One of Plaintiff's Attorneys

Dated: June 19, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com